UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JEANNE LEE WALLNER                                                                                    PLAINTIFF

v.                                                                             CIVIL ACTION NO. 3:11CV-359-S

J.J.B. HILLIARD, W.L. LYONS, LLC
d/b/a HILLIARD LYONS                                                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, J.J.B. Hilliard, W L. Lyons, LLC ("HL"), for dismissal of the plaintiff's claim for interference with her rights under the Family and Medical Leave Act, ("FMLA") 29 U.S.C. §§ 2601, *et seq.* (DN 4).

Plaintiff Jeanne Lee Wallner ("Wallner") filed suit against her former employer, HL, alleging interference with and retaliation for exercising her right to take FMLA leave for knee replacement surgery. She gave notice and was on FMLA leave from August 11, 2009 to October 6, 2009 when she returned to work with a release by her physician.

On the day of her return, Wallner was given a "final written warning" for alleged abusive behavior toward Sharon Landgraf, a human resources employee, and for alleged lack of responsiveness and communication with HL during her FMLA leave. Compl., ¶ 9. On October 12, 2009, Wallner had an exchange with her supervisor which resulted in her request for a conference.[1] Compl., ¶ 10. On October 15, 2009, prior to the scheduled conference date, Wallner's supervisor

---

[1] Presumably she requested a conference with a superior of Mr. Moorman, her supervisor, although this is not stated. Wallner stated only that she made the request "due to Mr. Moorman's behavior during the encounter." Compl., ¶ 10. She requested a conference with Gary England. Mr. England's position with HL is not identified in the Complaint.

requested that she accompany him to the human resources department. At that time, Wallner was terminated "due to a bad attitude" and was escorted from the building. Compl., ¶ 11.

Wallner has asserted two claims under the FMLA. She alleges interference with her FMLA rights and retaliation for asserting those rights.

The Complaint sets out two distinct claims, one denominated "interference" and one denominated "retaliation," based upon facts alleged in the introductory paragraphs. However, "[w]here a plaintiff alleges an FMLA claim, the complaint need not state which theory the plaintiff is asserting, and, in fact, an FMLA claim can 'encompass either the interference theory, the retaliation theory, or both theories.' [*Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007)]."). *Carey v. ODW Logistics, Inc.*, 2010 WL 596503 (S.D. Ohio Feb. 16, 2010); 29 C.F.R. § 825.220(c)("employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions."). "If an employer takes an employment action based, in whole or in part, on the fact that the employee took FMLA-protected leave, the employer has denied the employee a benefit to which he is entitled." *Carey*, *supra*. at *4.

As stated in *Wysong, supra.*, the § 2615(a)(1) prohibition against interference includes retaliatory discharge for taking FMLA leave. 503 F.3d at 446-47, *quoting Skrjanc v. Great Lakes Power Service Co.*, 272 F.3d 309, 314 (6th Cir. 2001); *Chandler v. Specialty Tires of America (Tenn.), Inc.*, 283 F.3d 818, 825 (6th Cir. 2002). A retaliatory discharge claim is also cognizable under § 2615(a)(2). *Arban v. West Publishing Corp.*, 345 F.3d 390, 403 (6th Cir. 2003); *accord, Allen v. City of Sturgis*, 559 F.Supp.2d 837 W.D.Mich. 2008).

The United States Court of Appeals for the Sixth Circuit stated that "[i]f an employer denies an employee the right to return to work from FMLA leave, such an act constitutes interference,

regardless of whether the employer intended to interfere with the employee's FMLA rights." *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 507 (6th Cir. 2006). "If the employee cannot show that he was discharged because he took leave–or at least that his taking of leave was a negative factor in the employer's decision to discharge him–he cannot show a violation of the FMLA." *Pharakhone v. Nissan North America, Inc.*, 324 F.3d 405, 408 (6th Cir. 2003).

HL seeks dismissal of Wallner's interference claim. It urges that she sought and was granted all of the FMLA leave necessary for her surgery and subsequent recovery.[2] It urges that Wallner's claim is cognizable, if at all, as a retaliation claim, as Wallner contends that after she returned to work from FMLA leave, she was disciplined and then discharged. Compl., ¶ 18. She alleges that "[e]ven though [she] followed [HL]'s company policy and notified the company of her need for FMLA leave, [HL] still terminated [her]." Compl., ¶ 24.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

---

[2] Despite Wallner's initial request for leave until October 11, 2009, she was released to return to work and did return 5 days earlier. There is no allegation that she returned to work prior to attaining a full recovery.

In opposing the motion to dismiss, Wallner asserts facts which do not appear anywhere in the complaint. Thus, we cannot consider Wallner's amplified allegations contained only in her brief.

HL contends that Wallner's own allegations recognize that she was terminated for reasons other than her use of FMLA leave. However, Wallner claims that she was disciplined and terminated for *alleged* abusive behavior toward a human resources employee who called her concerning her return from FMLA leave and for *alleged* "bad attitude." Compl., ¶¶ 7, 9, 11. The complaint incorporates the timing feature of Wallner's receipt of a "final written warning" on the day she returned from FMLA leave coupled with the fact that the warning (1) concerned an incident which occurred while she was on FMLA leave (2) with the human resources department (3) over her return date from FMLA leave. The factual allegations satisfied the *Twombly* standard, sufficiently articulating a plausible claim for relief. As noted herein, the claim of retaliatory conduct may support either an interference or retaliation theory under the FMLA.

HL's reply brief additionally argues that Wallner's Complaint does not allege retaliation for taking FMLA leave. It also contends that she has failed to articulate a basis to find that she was an "eligible employee" or that HL was a "covered employer" within the meaning of the FMLA. As these arguments were not raised in the original motion, we decline to address them.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, J.J.B. Hilliard, W.L. Lyons LLC, for partial dismissal of the Complaint (DN 4) is **DENIED.**

**IT IS SO ORDERED.**

November 8, 2011

Charles R. Simpson III, Judge
United States District Court

- 4 -